UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDDHARTHA BISWAS,<br>Plaintiff,<br>v.<br>WELLTOWER INC., et. al.,<br>Defendants. | Case No. 1:26-cv-07923-JLT-HBK<br><br>ORDER QUASHING ATTEMPTED SERVICE OF PROCESS AND DIRECTING PLAINTIFF TO COMPLY WITH RULE 4<br><br>(Doc. 5) |

Plaintiff, proceeding pro se, commenced this action on September 28, 2026. (Doc. 1). The complaint names five defendants: Welltower Inc., a Delaware corporation with its corporate headquarters in Ohio; Amica Senior Lifestyles Management, Inc., an Ontario corporation; Teplitsky LLP, an Ontario limited liability partnership; Raymon Hu and Carmen De Antonio, individuals residing in Ontario, Canda. (*Id.* at 4–5).

On October 29, 2026, Plaintiff filed a "Return of Service." (Doc. 5). Plaintiff states that, on October 27, 2026, he attempted to serve each Defendant by depositing envelopes containing "related case files (summons)" at a UPS store in Bakersfield, California. (*Id* at 3).

Federal Rule of Civil Procedure 4 governs service of process. A summons must be served with a copy of the complaint, and service generally must be made by a person who is at least 18 years old and is not a party. Fed. R. Civ. P. 4(c)(1)-(2).

Service on a corporation or partnership within a judicial district of the United States is

governed by Rule 4(h)(1). Service on a corporation or partnership outside the United States is governed by Rule 4(h)(2), which incorporates 4(f), except personal delivery under Rule 4(f)(2)(C)(i). Service on an individual in Canada is governed by Rule 4(f) and any applicable international agreement, including the Hague Service Convention.

The filing does not establish valid service on any Defendant. Plaintiff identifies himself as the person who performed the purported service, contrary to Rule 4(c)(2). The filing also does not establish that both the summons and complaint were served by a method authorized under the provisions applicable to each Defendant. Depositing documents at the UPS store, without establishing compliance with an authorized method, is insufficient.

Service by mail in Canada is not categorically prohibited. Canada does not object to Article 10(a) of the Hague Convention. But the Convention does not independently authorize mail service; that method must also be authorized by otherwise-applicable law. *See Water Splash, Inc. v. Menon*, 581 U.S. 271 (2017). For example, mail service under Rule 4(f)(2)(C)(ii) requires that the clerk address and send the documents using a form of mail requiring a signed receipt. Plaintiff's filing does not establish compliance with that provision or identify another authorized basis for the attempted service.

The Court therefore will quash the attempted service reflected in Doc. 5. *See Cavic v. Republic of Serbia*, No. 8:16-cv-1910-JLS-KESx, 2017 WL 10543652, at *5 (C.D. Cal. Mar. 7, 2017) ("The Court may raise a plaintiff's failure to properly serve sua sponte"). The ruling concerns the method of service described in that filing, not merely a defect in the proof of service. Failure to prove service does not itself invalidate otherwise valid service, and the Court may permit proof of service to be amended. Fed. R. Civ. P. 4(l)(3).

Plaintiff must arrange for service on each Defendant in accordance with Rule 4 or obtain and file a valid waiver of service under Rule 4(d). Unless service is waived, Plaintiff must file proof of service that complies with Rule 4(l).

Plaintiff is reminded that, notwithstanding his pro se status, he is bound by this Court's procedural rules. *Washington v. Kijakazi*, 72 F.4th 1029, 1040 (9th Cir. 2023) (citing *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995), *overruled on other grounds by Lacey v. Maricopa Cnty.*,

693 F.3d 896, 925–28 (9th Cir. 2012)). For service in the United States, Rule 4(m) generally requires service within 90 days after the complaint is filed. If Plaintiff fails to timely serve Welltower Inc. within the United States, the Court may, after notice to Plaintiff dismiss the action without prejudice as to that Defendant or order service within a specified time. If Plaintiff shows good cause, the Court must extend the time for service.

The 90-day deadline does not apply to service in a foreign country under Rule 4(f) or Rule 4(h)(2). That exception depends on where service occurs, not merely on whether a defendant is a foreign person or entity. Plaintiff must nevertheless diligently pursue service abroad. If necessary, the Court may require a status report addressing Plaintiff's efforts to complete service.

Accordingly, IT IS ORDERED:

1. The attempted service of process on Defendants described in Plaintiff's Return of Service (Doc. 5) is QUASHED.
2. Plaintiff must complete service, or obtain and file valid waivers of service, in accordance with Federal Rules of Civil Procedure 4.
3. Plaintiff is advised that failure to timely complete service subject to Rule 4(m) may result in dismissal without prejudice after notice and an opportunity to respond.

Dated: November 10, 2026

Helena M. Barch-Kuchta

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE